SNELL & WILMER L.L.P.
V.R. Bohman (NV Bar No. 13075)
Erin M. Gettel (NV Bar No. 13877)
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
Telephone: 702.784.5200
Email: vbohman@swlaw.com
          egettel@swlaw.com

J. Damon Ashcraft (*pro hac vice* forthcoming)
David G. Barker (*pro hac vice* forthcoming)
Robert A. Clarke (*pro hac vice* forthcoming)
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
Telephone: 602.382.6000
Email: dashcraft@swlaw.com
          dbarker@swlaw.com
          rclarke@swlaw.com

Christopher D. Bright (*pro hac vice* forthcoming)
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000
Email: cbright@swlaw.com

*Attorneys for Plaintiff*
*Ready Mix Naturals, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| READY MIX NATURALS, LLC, | Case No. |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| GLOBRANDS, LLC, LBC PRODUCTS INC., and LBC PRODUCTS, LLC, | |
| Defendants. | |

- 1 -

COMPLAINT FOR PATENT
INFRINGEMENT

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Ready Mix Naturals, LLC ("Ready Mix" or "Plaintiff") brings this action for patent infringement against Defendants GloBrands, LLC ("GloBrands"), LBC Products, Inc. ("LBC Inc."), and LBC Products, LLC ("LBC LLC") (collectively, "LBC Entities", "LBC" or "Defendants").

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement. This action concerns LBC's infringement of U.S. Patent Nos. 11,964,958 (the "'958 Patent", attached hereto as Exhibit A); 12,358,888 (the "'888 Patent", attached hereto as Exhibit B); 12,358,889 (the "'889 Patent", attached hereto as Exhibit C); and 12,497,381 (the "'381 Patent", attached hereto as Exhibit D) (the "Asserted Patents" or "Patents-in-Suit").

2. Attached as Exhibit E is a chart showing LBC's infringement of the '958 Patent. Attached as Exhibit F is a chart showing LBC's infringement of the '888 Patent. Attached as Exhibit G is a chart showing LBC's infringement of the '889 Patent. Attached as Exhibit H is a chart showing LBC's infringement of the '381 Patent.

3. Ready Mix is the assignee and owner of all rights, title, and interest in the Asserted Patents.

4. This action arises under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §271.

**THE PARTIES**

5. Ready Mix is a corporation organized and existing under the laws of Texas, having a principal place of business located at 1185 Tower Rd., Seguin, Texas 78155.

6. On information and belief, GloBrands has a principal place of business located at 6360 South Pecos Road, Suite 8, Las Vegas, NV 89120.

7. On information and belief, LBC Inc. has a principal place of business located at 6360 South Pecos Road, Suite 8, Las Vegas, NV 89120.

8. On information and belief, LBC LLC has a principal place of business located at 6360 South Pecos Road, Suite 8, Las Vegas, NV 89120.

SNELL & WILMER

COMPLAINT FOR PATENT INFRINGEMENT

**JURISDICTION AND VENUE**

9.     This civil action for patent infringement arises under the patent laws of the United States, 35 U.S.C § 1 et seq., including in particular under 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a).

10.     This Court has personal jurisdiction over LBC, and venue is proper in this district pursuant to 28 U.S.C. § 1400(b), at least because each of the LBC Entities resides in this district.

**THE PATENTS-IN-SUIT**

11.     The '958 Patent, entitled "Vaporizable Alkaloid Compositions and Methods of use Thereof," was duly and legally issued on April 23, 2024 by the USPTO. A copy of the '958 Patent is attached as Exhibit A.

12.     The '888 Patent, entitled "Vaporizable Alkaloid Compositions and Methods of use Thereof," was duly and legally issued on July 15, 2025 by the USPTO. A copy of the '888 Patent is attached as Exhibit B.

13.     The '889 Patent, entitled "Vaporizable Alkaloid Compositions and Methods of use Thereof," was duly and legally issued on July 15, 2025 by the USPTO. A copy of the '889 Patent is attached as Exhibit C.

14.     The '381 Patent, entitled "Vaporizable Alkaloid Compositions and Methods of use Thereof," was duly and legally issued on December 16, 2025 by the USPTO. A copy of the '381 Patent is attached as Exhibit D.

**FACTUAL BACKGROUND**

15.     Ready Mix is an innovator of non-nicotine products, including those sold associated with the trademarks NIXAMIDE™ (U.S. Serial No. 98273085), BONGUARD NATURALS™ (U.S. Serial No. 98237376), and NIXODINE™ (U.S. Serial No. 98237383).

16.     For its innovations, the U.S. Patent and Trademark Office duly issued the Asserted Patents to Ready Mix.

17.     Ready Mix owns all rights, title, and interest in the Asserted Patents, including the right to enforce the Asserted Patents to stop infringement of the Asserted Patents.

18.     Ready Mix recently learned that LFP IP, LLC ("LFP") is selling non-nicotine

COMPLAINT FOR PATENT
INFRINGEMENT

products that infringe the Asserted Patents. Ready Mix also recently learned that LBC supplies those products to LFP as further described herein.

19. LBC makes, uses, offers for sale, sells, imports, and/or distributes certain vape products without nicotine, for example, the HUSTLER® KISS 50K products ("the Accused LBC Products").

20. LBC advertises the HUSTLER® KISS 50K products as: "Powered by 6-methyl, the HUSTLER® 50K offers a satisfying experience without the traditional nicotine content—perfect for users looking for flavor-forward performance without nicotine," as shown in Exhibit I.

21. Using a gas chromatography-mass spectrometry analysis ("GC-MS Analysis") to analyze the Accused LBC Products, for example, the sour berries flavor of the HUSTLER® KISS 50K products, it was determined that the Accused LBC Products do not contain nicotine, consistent the LBC's advertisements regarding the Accused LBC Products.

22. By letter dated April 20, 2026, Ready Mix gave notice to LBC of LBC's infringement of the Asserted Patents and requested that LBC cease its infringement of the Asserted Patents.

23. By letter dated April 29, 2026, LBC refused to cease and desist from further offering or selling the Accused LBC Products in the United States or from further importing them into the United States.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 11,964,958

24. Ready Mix incorporates and realleges the paragraphs above as if fully set forth herein.

25. LBC has infringed and continues to infringe one or more claims of the '958 Patent, including without limitation claim 1, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused LBC Products and/or components thereof. Exhibit E provides an exemplary infringement claim chart for exemplary and/or representative Accused LBC Products.

26. On information and belief, LBC has had knowledge of the '958 Patent since no later than on or about April 20, 2026.

- 4 -

COMPLAINT FOR PATENT INFRINGEMENT

27.     LBC, without authority and with knowledge of the '958 Patent, has actively induced infringement since no later than April 20, 2026, and continues to actively induce infringement of one or more claims of the '958 Patent, including without limitation claim 1, under 35 U.S.C. § 271(b), literally or under the doctrine of equivalents, by making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused LBC Products and intentionally instructing or otherwise encouraging others, including LBC's customers and end users to use the Accused LBC Products in the United States in a manner that infringes one or more claims of the '958 Patent, including as described in Exhibit E.

28.     LBC has contributed to, since no later than April 20, 2026, and continues to contribute to the infringement by others of one or more claims of the '958 Patent, including without limitation claim 1, pursuant to 35 U.S.C. § 271(c) literally or under the doctrine of equivalents, by making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused LBC Products and/or components thereof, or has others perform such acts on its behalf, specifically so that the Accused LBC Products will be used in an infringing manner by others, including use as described in Exhibit E by LBC's customers and end users. Moreover, as shown in LBC's instructional materials in which no alternative use of the Accused LBC Products is described, there is no other substantial use for the Accused LBC Products or its components. Thus, the Accused LBC Products are a material part of the claimed inventions of the '958 Patent that result in infringement when used. As a result of LBC making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused LBC Products and/or components thereof, on information and belief other entities use these products for their intended purposes and according to LBC's instructions with the result that such entities, such as LBC's customers and users of the Accused LBC Products, directly infringe the asserted claims of the '958 Patent, literally or under the doctrine of equivalents, for the reasons stated above and in Exhibit E.

29.     As explained below, on information and belief, LBC acts knowingly and/or willfully blind as to the existence of the '958 Patent claims and as to the fact that at least the Accused LBC Products are specially made and adapted for this use in an infringing manner, are not staple articles of commerce, and do not have substantial non-infringing use.

- 5 -

COMPLAINT FOR PATENT
INFRINGEMENT

30. On information and belief, LBC was aware of or acted with willful blindness to the existence of the '958 Patent and the infringement of the '958 Patent by third parties, including, without limitation, users, customers, affiliates, parents, subsidiaries, third parties, importers, and/or sellers. As described above, LBC knew, should have known, or was willfully blind to the existence of the '958 Patent, and has since knowingly acted in disregard of Ready Mix's patent rights, including by making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused LBC Products and/or components thereof.

31. As described above, LBC's infringement of the '958 Patent has been willful.

32. Ready Mix has suffered and continues to suffer damages as a result of LBC's infringement of the '958 Patent.

33. Unless LBC is enjoined from infringing the '958 Patent, LBC's efforts to design, develop, market, offer to sell, and sell the Accused LBC Products will cause Ready Mix to suffer irreparable injury for which damages are an inadequate remedy.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 12,358,888**

34. Ready Mix incorporates and reallege the paragraphs above as if fully set forth herein.

35. LBC has infringed and continues to infringe one or more claims of the '888 Patent, including without limitation claim 1, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused LBC Products and/or components thereof. Exhibit F provides an exemplary infringement claim chart for exemplary and/or representative Accused LBC Products.

36. On information and belief, LBC has had knowledge of the '888 Patent since no later than on or about April 20, 2026.

37. LBC, without authority and with knowledge of the '888 Patent, has actively induced infringement since no later than April 20, 2026, and continues to actively induce infringement of one or more claims of the '888 Patent, including without limitation claim 1, under 35 U.S.C. § 271(b), literally or under the doctrine of equivalents, by making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused LBC Products and

COMPLAINT FOR PATENT
INFRINGEMENT

SNELL & WILMER

intentionally instructing or otherwise encouraging others, including LBC's customers and end users to use the Accused LBC Products in the United States in a manner that infringes one or more claims of the '888 Patent, including as described in Exhibit F.

38. LBC has contributed to, since no later than April 20, 2026, and continues to contribute to the infringement by others of one or more claims of the '888 Patent, including without limitation claim 1, pursuant to 35 U.S.C. § 271(c) literally or under the doctrine of equivalents, by making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused LBC Products and/or components thereof, or has others perform such acts on its behalf, specifically so that the Accused LBC Products will be used in an infringing manner by others, including use as described in Exhibit F by LBC's customers and end users. Moreover, as shown in LBC's instructional materials in which no alternative use of the Accused LBC Products is described, there is no other substantial use for the Accused LBC Products or its components. Thus, the Accused LBC Products are a material part of the claimed inventions of the '888 Patent that result in infringement when used. As a result of LBC making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused LBC Products and/or components thereof, on information and belief other entities use these products for their intended purposes and according to LBC's instructions with the result that such entities, such as LBC's customers and users of the Accused LBC Products, directly infringe the asserted claims of the '888 Patent, literally or under the doctrine of equivalents, for the reasons stated above and in Exhibit F.

39. As explained below, on information and belief, LBC acts knowingly and/or willfully blind as to the existence of the '888 Patent claims and as to the fact that at least the Accused LBC Products are specially made and adapted for this use in an infringing manner, are not staple articles of commerce, and do not have substantial non-infringing use.

40. On information and belief, LBC was aware of or acted with willful blindness to the existence of the '888 Patent and the infringement of the '888 Patent by third parties, including, without limitation, users, customers, affiliates, parents, subsidiaries, third parties, importers, and/or sellers. As described above, LBC knew, should have known, or was willfully blind to the existence of the '888 Patent, and has since knowingly acted in disregard of Ready Mix's patent rights,

COMPLAINT FOR PATENT INFRINGEMENT

including by making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused LBC Products and/or components thereof.

41. As described above, LBC's infringement of the '888 Patent has been willful.

42. Ready Mix has suffered and continues to suffer damages as a result of LBC's infringement of the '888 Patent.

43. Unless LBC is enjoined from infringing the '888 Patent, LBC's efforts to design, develop, market, offer to sell, and sell the Accused LBC Products will cause Ready Mix to suffer irreparable injury for which damages are an inadequate remedy.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 12,358,889**

44. Ready Mix incorporates and reallege the paragraphs above as if fully set forth herein.

45. LBC has infringed and continues to infringe one or more claims of the '889 Patent, including without limitation claim 26, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused LBC Products and/or components thereof. Exhibit G provides an exemplary infringement claim chart for exemplary and/or representative Accused LBC Products.

46. On information and belief, LBC has had knowledge of the '889 Patent since no later than on or about April 20, 2026.

47. LBC, without authority and with knowledge of the '889 Patent, has actively induced infringement since no later than April 20, 2026, and continues to actively induce infringement of one or more claims of the '889 Patent, including without limitation claim 26, under 35 U.S.C. § 271(b), literally or under the doctrine of equivalents, by making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused LBC Products and intentionally instructing or otherwise encouraging others, including LBC's customers and end users to use the Accused LBC Products in the United States in a manner that infringes one or more claims of the '889 Patent, including as described in Exhibit G.

48. LBC has contributed to, since no later than April 20, 2026, and continues to contribute to the infringement by others of one or more claims of the '889 Patent, including without

COMPLAINT FOR PATENT INFRINGEMENT

limitation claim 26, pursuant to 35 U.S.C. § 271(c) literally or under the doctrine of equivalents, by making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused LBC Products and/or components thereof, or has others perform such acts on its behalf, specifically so that the Accused LBC Products will be used in an infringing manner by others, including use as described in Exhibit G by LBC's customers and end users. Moreover, as shown in LBC's instructional materials in which no alternative use of the Accused LBC Products is described, there is no other substantial use for the Accused LBC Products or its components. Thus, the Accused LBC Products are a material part of the claimed inventions of the '889 Patent that result in infringement when used. As a result of LBC making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused LBC Products and/or components thereof, on information and belief other entities use these products for their intended purposes and according to LBC's instructions with the result that such entities, such as LBC's customers and users of the Accused LBC Products, directly infringe the asserted claims of the '889 Patent, literally or under the doctrine of equivalents, for the reasons stated above and in Exhibit G.

49.    As explained below, on information and belief, LBC acts knowingly and/or willfully blind as to the existence of the '889 Patent claims and as to the fact that at least the Accused LBC Products are specially made and adapted for this use in an infringing manner, are not staple articles of commerce, and do not have substantial non-infringing use.

50.    On information and belief, LBC was aware of or acted with willful blindness to the existence of the '889 Patent and the infringement of the '889 Patent by third parties, including, without limitation, users, customers, affiliates, parents, subsidiaries, third parties, importers, and/or sellers. As described above, LBC knew, should have known, or was willfully blind to the existence of the '889 Patent, and has since knowingly acted in disregard of Ready Mix's patent rights, including by making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused LBC Products and/or components thereof.

51.    As described above, LBC's infringement of the '889 Patent has been willful.

52.    Ready Mix has suffered and continues to suffer damages as a result of LBC's infringement of the '889 Patent.

COMPLAINT FOR PATENT
INFRINGEMENT

53.     Unless LBC is enjoined from infringing the '889 Patent, LBC's efforts to design, develop, market, offer to sell, and sell the Accused LBC Products will cause Ready Mix to suffer irreparable injury for which damages are an inadequate remedy.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 12,497,381**

54.     Ready Mix incorporates and reallege the paragraphs above as if fully set forth herein.

55.     LBC has infringed and continues to infringe one or more claims of the '381 Patent, including without limitation claims 1, 21 and 22, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused LBC Products and/or components thereof. Exhibit H provides an exemplary infringement claim chart for exemplary and/or representative Accused LBC Products.

56.     On information and belief, LBC has had knowledge of the '381 Patent since no later than on or about April 20, 2026.

57.     LBC, without authority and with knowledge of the '381 Patent, has actively induced infringement since no later than April 20, 2026, and continues to actively induce infringement of one or more claims of the '381 Patent, including without limitation claims 1, 21 and 22, under 35 U.S.C. § 271(b), literally or under the doctrine of equivalents, by making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused LBC Products and intentionally instructing or otherwise encouraging others, including LBC's customers and end users to use the Accused LBC Products in the United States in a manner that infringes one or more claims of the '381 Patent, including as described in Exhibit H.

58.     LBC has contributed to, since no later than April 20, 2026, and continues to contribute to the infringement by others of one or more claims of the '381 Patent, including without limitation claims 1, 21 and 22, pursuant to 35 U.S.C. § 271(c) literally or under the doctrine of equivalents, by making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused LBC Products and/or components thereof, or has others perform such acts on its behalf, specifically so that the Accused LBC Products will be used in an

SNELL & WILMER

COMPLAINT FOR PATENT INFRINGEMENT

infringing manner by others, including use as described in Exhibit H by LBC's customers and end users. Moreover, as shown in LBC's instructional materials in which no alternative use of the Accused LBC Products is described, there is no other substantial use for the Accused LBC Products or its components. Thus, the Accused LBC Products are a material part of the claimed inventions of the '381 Patent that result in infringement when used. As a result of LBC making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused LBC Products and/or components thereof, on information and belief other entities use these products for their intended purposes and according to LBC's instructions with the result that such entities, such as LBC's customers and users of the Accused LBC Products, directly infringe the asserted claims of the '381 Patent, literally or under the doctrine of equivalents, for the reasons stated above and in Exhibit H.

59. As explained below, on information and belief, LBC acts knowingly and/or willfully blind as to the existence of the '381 Patent claims and as to the fact that at least the Accused LBC Products are specially made and adapted for this use in an infringing manner, are not staple articles of commerce, and do not have substantial non-infringing use.

60. On information and belief, LBC was aware of or acted with willful blindness to the existence of the '381 Patent and the infringement of the '381 Patent by third parties, including, without limitation, users, customers, affiliates, parents, subsidiaries, third parties, importers, and/or sellers. As described above, LBC knew, should have known, or was willfully blind to the existence of the '381 Patent, and has since knowingly acted in disregard of Ready Mix's patent rights, including by making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused LBC Products and/or components thereof.

61. As described above, LBC's infringement of the '381 Patent has been willful.

62. Ready Mix has suffered and continues to suffer damages as a result of LBC's infringement of the '381 Patent.

63. Unless LBC is enjoined from infringing the '381 Patent, LBC's efforts to design, develop, market, offer to sell, and sell the Accused LBC Products will cause Ready Mix to suffer irreparable injury for which damages are an inadequate remedy.

- 11 -

COMPLAINT FOR PATENT
INFRINGEMENT

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a)    Judgment that LBC has infringed and will infringe the Patents-in-Suit under 35 U.S.C. § 271(a), § 271(b), and/or § 271(c);

b)    An award of damages to Ready Mix for LBC's infringement of the Patents-in-Suit, in an amount to be determined at trial, but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

c)    An award of treble damages to Ready Mix for LBC's willful infringement of the Patents-in-Suit pursuant to 35 U.S.C. § 284;

d)    A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285 and an award of reasonable attorneys' fees, expenses, and disbursements of this action to Plaintiff; and

e)    An award of Plaintiff's reasonable costs and expenses in this action;

f)    An order enjoining and restraining LBC and its officers, agents, employees, and those acting in privity with them, from further infringement of the Patents-in-Suit; and

g)    Such further and other relief as this Court deems proper and just.

Dated: May 5, 2026                                    SNELL & WILMER L.L.P.


                                                      By: /s/  *V.R. Bohman*
                                                           V.R. Bohman, Esq.
                                                           Erin M. Gettel, Esq.
                                                           J. Damon Ashcraft, Esq.
                                                           David G. Barker, Esq.
                                                           Robert A. Clarke, Esq.
                                                           Christopher D. Bright, Esq.

                                                           *Attorneys for Plaintiff*
                                                           *Ready Mix Sensor Technologies, Inc.*

SNELL
& WILMER

- 12 -                                                COMPLAINT FOR PATENT
                                                      INFRINGEMENT